**Maria De La Luz SANCHEZ MARTINEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74128.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.[*]

Filed July 30, 2009.

Jorge Ivan Rodriguez–Choi, Esquire, Attorney at Law, San Francisco, CA, for Petitioner.

U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM [**]

Maria De La Luz Sanchez Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discretion the denial of a motion to reopen and review de novo ineffective assistance of counsel claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

We agree with the BIA that Sanchez Martinez failed to establish prejudice from her former counsel's performance. *See Iturribarria*, 321 F.3d at 899–903 (showing of prejudice required to prevail on ineffective assistance of counsel claim).

This court lacks jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.